IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNA VON OY BRATCHER, as trustee of the Sour Grapes Revocable Trust, <br><br> Plaintiff, <br><br> vs. <br><br> FRANKLIN AMERICAN MORTGAGE COMPANY, et al., <br><br> Defendants. | CASE NO. 3:12-0671 <br> JUDGE TRAUGER/KNOWLES |

### REPORT AND R ECOMMENDANTION

On June 13, 2013, the undersigned entered an Order that stated in part as follows:

> Plaintiff is ORDERED to provide the Clerk's Office with her current address. Plaintiff is warned that her failure to keep the Court apprised of her current address may result in the dismissal of her case. Specifically, if Plaintiff fails to respond to the instant Order, the undersigned will recommend that this action be dismissed for failure to prosecute.

Docket No. 21, p. 2.

That Order was entered following Defendants' filing of a "Motion for Status Conference," which is essentially stated that their discovery requests had been returned as "undeliverable," and that their attempts to contact the pro se Plaintiff by telephone had been unsuccessful. Docket No. 20.

The referenced Order was sent to Plaintiff via certified mail, return receipt requested, at

913 Battlefield Drive, Nashville, TN 37204. Docket Nos. 22, 23. The Court notes that this address is set forth at the top of the first page of Plaintiff's Complaint. Docket No. 1, p. 1. Furthermore, this address is the same address to which Defendants sent their discovery requests that were returned as "undeliverable." Docket No. 22. The record shows that the Order was received by Plaintiff, who apparently signed for it herself, and who listed the "Date of Delivery" as 6/." The return receipt was received by the Clerk's Office on June 19, 2013. Docket No. 23.

Despite Plaintiff's receipt of the Court's previous Order, she did not respond as she was ordered to do. Nevertheless, the purpose of the Order was to obtain a current address for Plaintiff. It seems obvious that Plaintiff's current address is 913 Battlefield Drive, the same address she had when she began this action. At the same time, however, the Court notes that Plaintiff either did not receive (or did not claim) the written discovery Defendants previously sent to her, nor could she be contacted by telephone by Defendants' counsel. She did not file a Response to the Motion for a Status Conference, nor did she respond to the Court's previous Order.

Therefore, within twenty (20) days of the date of entry of the instant Order, Plaintiff shall advise the Court whether she wishes to proceed with this lawsuit. If she fails to do so, the undersigned will recommend that this action be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of

service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge